■ In the Matter of RODRIGO AVILA, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.—Judgment (denominated an order), Supreme Court, New York County, entered November 21, 1978, granting, in this special proceeding pursuant to section 608 of the Insurance Law, petitioner's application to file a claim against the Motor Vehicle Accident Indemnification Corporation (MVAIC), unanimously reversed, on the law, and the application denied, without costs. Petitioner was injured while a passenger in an automobile owned by Ortiz and driven by Cruz. Ortiz had no insurance, his insurer having canceled the policy nine months earlier. Cruz was insured by Allcity, but it disclaimed because the car "was actually given to the assured several weeks prior thereto by the actual owner who left for Puerto Rico", its policy providing that "coverage for non-owned vehicles furnished for the regular use of the assured is not covered". Petitioner then turned to this proceeding in the belief that the insurers of those allegedly liable for his injuries had either disclaimed or denied coverage. Section 608 of the Insurance Law provides relief to a "qualified person" who initially is defined as one "other than an insured" (Insurance Law, § 601, subd b). MVAIC claims petitioner is not qualified because he is an insured under the uninsured motorist endorsement of Allcity's policy with Cruz. Special Term, however, found petitioner qualified by holding that Allcity's disclaimer ran to both the policy and the endorsement since it "never intended for the petitioner to be considered an 'insured' ". We disagree with this holding, finding that Allcity's intention is not determinative, and that "the endorsement required by section 167 (subd 2-a) of the Insurance Law should be considered to exist independently from the standard policy to which it is annexed and should remain viable even though liability under the main policy has been disclaimed by the insurer" *(Matter of Knickerbocker Ins. Co. [Faison],* 22 NY2d 554, 558). The definition

of a "qualified person" as one "other than an insured" is brought into clearer focus by subdivision i of section 601 of the Insurance Law which defines "insured" as "an insured under the coverage required by subsection two-a of section one hundred sixty-seven", that is, the uninsured motorist endorsement statute. Under that mandated endorsement, of which we take judicial notice, an "insured" includes "any other person while occupying * * * (ii) any other automobile while being operated by the named assured". The petitioner, an occupant of the automobile driven by Cruz, the named assured, is thus an insured under the latter's uninsured motorist endorsement and is not a person qualified for this application. Concur—Birns, J. P., Sandler, Sullivan, Markewich and Lynch, JJ.